UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| JOHN KAPENEKAS,[1] a/k/a JOHN S. KAPENEKAS, Petitioner, v. JODIE L. SNYDER-NORRIS, *Warden*, Respondent. | Civil Action No. 0:16-CV-47-HRW **MEMORANDUM OPINION AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner John Kapenekas, a/k/a/ John S. Kapenekas, is an inmate confined by the BOP at the Federal Correctional Institution-Ashland, located in Ashland, Kentucky. Kapenekas has filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] in which he collaterally challenges his federal conviction for sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). Kapenekas has paid the $5.00 filing fee. [D. E. No. 1-5]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). For the reasons set

---

[1] The Bureau of Prisons ("BOP") website identifies Kapenekas, BOP Register No. 12771-042, as "John S. Kapenekas." *See* http://www.bop.gov/inmateloc/ (last visited on May 24, 2016). Accordingly, the Clerk of the Court will be instructed to list "John S. Kapenekas" as an alias designation for Kapenekas on the CM/ECF cover sheet.

1

forth below, the Court determines that Kapenekas is not entitled to the relief which he seeks, and that his § 2241 habeas petition must be denied.

## KAPENEKAS'S CRIMINAL CONVICTION, SENTENCE, AND PRIOR COLLATERAL CHALLENGES

### 1. Conviction, Sentence, and Motion under 28 U.S.C. § 2255

On September 24, 2008, Kapenakas pleaded guilty in federal court in Aberdeen, Mississippi, to three counts of a five-count indictment which alleged, among other things, that he had coerced and enticed a fourteen-year-old minor to engage in sexually explicit conduct for the purposes of producing pornography in violation of 18 U.S.C. § 2251(a). *United States v. Kapenekas*, No. 1:08-CR-23-MPM-SAD-1 (N.D. Miss. 2008) ("the Sentencing Court"). On January 8, 2009, the Sentencing Court imposed a 180-month (15 year) prison term on each of the three counts, to be served concurrently, plus a 5-year supervised release term. [*Id.*, D. E. No. 49, therein] Kapenekas reserved the right to appeal the denial of a pretrial motion to suppress evidence, but he did not appeal the ruling.

In September 2009, Kapenekas filed a motion in the Sentencing Court to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his offenses were insufficiently charged and that they did not invoke federal jurisdiction under the Commerce Clause of the U.S. Constitution. [D. E. No. 52, therein] Kapenekas noted that Counts One, Two, Three and Four of the Indictment charged that between April 28, 2007 and May 2, 2007, he

> did knowingly employ, use, coerce and entice a 17–year–old minor female to engage in sexually explicit conduct for the purpose of producing visual depictions of said sexually explicit conduct, using materials that had been mailed, shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2256(2)(A).

Kapenekas further noted that Counts Five, Six, and Seven of the Indictment charged him with engaging in the same conduct between March 2, 2007, and July 27, 2007. Kapenekas argued, however, that because no count alleged that he knew or had "reason to know that such visual depictions will be transported in interstate or foreign commerce or mailed," the Indictment was constitutionally defective and the Sentencing Court lacked jurisdiction over his criminal proceeding. The government responded that that the Sentencing Court had jurisdiction over Kapenekas's criminal proceeding because the Indictment tracked the language of 28 U.S.C. § 2251(a). Kapenekas also argued that his plea agreement was breached because no appeal "was taken" of the denial of his suppression motion, which appeal the plea agreement specifically allowed him to pursue.

The Sentencing Court agreed with the government and denied Kapenekas's § 2255 motion, finding that the statutory language of § 2251(a) applied to the circumstances of Kapenekas, because "the images were produced using materials, such as cameras, film, memory devices like memory sticks, SD chips or CDs, that had been shipped or transported in interstate or foreign commerce." [D. E. No. 56, therein; *see United States v. Kapenekas*, Civil Action No. 1:08CR23, 2010 WL 583916, at *2 (N. D. Miss. February 16, 2010)] The Sentencing Court noted that Lee County Investigator Scott Reedy stated in his affidavit that the cameras and flash cards used to manufacture the photos in Kapenekas's case were manufactured in China and thus necessarily traveled in interstate commerce. [*Id.*]

The Sentencing Court also rejected Kapenekas's argument that the plea agreement was reached because no appeal "was taken" of the denial of his suppression motion, which appeal the plea agreement specifically allowed him to pursue. The Sentencing Court stated that while the

3

plea agreement between Kapenekas and the government did permit Kapenekas to appeal the order denying his motion to suppress, "...appeals are obviously not self-executing. Petitioner seems to suggest that it was the government's responsibility to file an appeal on his behalf, but this argument borders on frivolous. Petitioner's motion to vacate or set aside his guilty plea is therefore denied in its entirety." [*Id.*, at *3].

Although the Sentencing Court subsequently granted Kapenekas a certificate of appealability ("COA") on the issue of whether § 2251(a), as applied to him, was an unconstitutional extension of the Commerce Clause [D. E. No. 63, therein], the Fifth Circuit Court of Appeals rejected that argument, finding that Kapenekas's as-applied constitutional challenge to § 2251(a) was a non-jurisdictional defect (in the trial court proceedings) which Kapenekas had waived by entering a valid guilty plea. *United States v. Kapenekas*, 413 F. App'x 778, 779 (5th Cir. 2011). Kapenekas also argued on appeal that the indictment and the plea agreement to which he had agreed omitted an essential element of the offense, *i.e.*, the charge that he actually "produced" visual depictions. The Fifth Circuit refused to consider Kapenakas's additional claim because he had failed to present it to the Sentencing Court; the issue was not included within the scope of the COA that was granted; and Kapenekas failed to ask the Sentencing Court to broaden the scope of the COA to specifically include that issue. [*Id.*]

### 2. Prior Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

On December 21, 2012, Kapenekas filed in this Court a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. *See John Kapenakas v. Michael Sepenak, Warden*, No. 0:12-CV-107-HRW (E.D. Ky.) [*Id.*, D. E. No. 1, therein] ("the First § 2241 Petition") Kapenekas continued to challenge the Indictment, arguing that it was constitutionally defective under the

4

Fifth Amendment of the U.S. Constitution, because it failed to charge him with an essential element of the crime. Kapenekas also argued in the First § 2241 Petition that he received ineffective assistance from both the attorney who represented him in the criminal proceeding and another attorney who filed his § 2255 motion in the Sentencing Court, in violation of the Sixth Amendment of the U.S. Constitution, which guarantees effective assistance of counsel to defendants in criminal proceedings.

On July 9, 2013, this Court denied the First § 2241 Petition. [*Id.*, D. E. No. 7; therein; D. E. No. 8, therein] Applying the applicable law of this circuit, *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003), the Court concluded that Kapenekas alleged no facts that would enable him to utilize the savings clause of 28 U.S.C. § 2255 and thus obtain relief under 28 U.S.C. § 2241, because he failed to demonstrate that his remedy (in the Sentencing Court) under 28 U.S.C. § 2255 had been an inadequate and ineffective means of challenging his conviction and sentence. [*Id.*, D. E. No. 7, pp. 7-10 therein] The Court explained that the Fifth and Sixth Amendment claims asserted in the First § 2241 Petition were claims that which Kapenekas had either previously but unsuccessfully asserted in his § 2255 motion (**and** on appeal to the Fifth Circuit), or were claims that Kapenekas could have raised, but *failed* to raise, in his § 2255 motion, thus precluding relief under § 2241. [*Id.*, pp. 7-13, therein]

The Court also concluded Kapenekas could not utilize the savings clause of § 2255 for second reason, which was that he failed to allege a valid claim of "actual innocence" as to both his Fifth Amendment claims alleging the denial of due process, and his Sixth Amendment claims alleging ineffective assistance of counsel. [*Id.*, pp. 13-17, therein] The Court explained that in

5

order to establish a claim of actual innocence, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995), but that because Kapenekas cited no case that was retroactively applicable to cases on collateral review, he had not established a claim of "actual innocence" warranting relief under § 2241. [*Id.*]

Finally, this Court rejected Kapenekas's allegation that he was actually innocent of "producing" a sexually explicit depictions of a minor using materials which were mailed, shipped, and transported in interstate and foreign commerce, noting that the Fifth Circuit had previously determined that Kapenekas had pleaded guilty to that very offense, and that by doing so, Kapenekas had waived any and all claims to the sufficiency of the Indictment. [*Id.*, at p. 16, therein]

Kapenekas did not appeal the denial of the First § 2241 Petition. On April 13, 2016, Kapenekas filed, through counsel, the instant § 2241 habeas petition, which the Court will hereafter refer to as "the Second § 2241 Petition."

### CLAIMS ASSERTED IN THE SECOND § 2241 PETITION

In the Second § 2241 Petition, Kapenekas argues that the savings clause of 28 U.S.C. § 2555 is unconstitutionally vague, citing *Johnson v. United States*, ___U.S. ___135 S.Ct. 2551 (2015), as authority for that proposition, and cases from other jurisdictions which, Kapenekas contends, hold that the savings clause of 28 U.S.C. § 2255 is void for vagueness. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, and that imposing an increased sentence under that clause violates the Constitution's guarantee of due process. Kapenekas reasons that

6

because the ACCA's residual clause has been found to be unconstitutionally vague, the same result should obtain as to the savings clause of § 2255, because it suffers from the same defect. Kapenekas states:

> Kapenekas respectfully submits there is no practical, legal difference with the unconstitutional vagueness the Supreme Court found in the ACCA "residual clause" and the vague "inadequate or ineffective" language found at § 2255(e). This Court should accordingly hold that the "savings clause" is similarly unconstitutionally vague.

[D. E. No. 1-1, p. 13]

Kapenekas fails to adequately explain how a determination that the savings clause of 28 U.S.C. § 2255 is "vague" would assist him, *i.e.*, he fails to connect his vagueness argument to the specific facts of his case. Kapenekas instead merely argues at length, in broad fashion, that the clause is unconstitutionally vague. The argument is a curious one, because later in the Second § 2241 Petition, Kapenekas specifically argues that his claims actually fall within the savings clause of § § 2255, and that accordingly, habeas relief under § 2241 is warranted.

Broadly construing the Second § 2241 Petition, Kapenekas could be challenging the denial of the First 2241 Petition on the grounds that the denial of the First § 2241 Petition, based on the "savings clause" analysis, was flawed because the savings clause of 28 U.S.C. § 2255 is unconstitutionally vague, and that therefore, the denial of the First § 2241 Petition was erroneous. But as Kapenekas did not appeal the denial of the First § 2241 Petition, he bound by it.

Kapenekas's next two arguments are essentially the same, and therefore can be merged into one argument, *i.e.*, that he because he received ineffective assistance of counsel in relation to the filing of an appeal, **and** in his § 2255 proceeding, his remedy under § 2255 was inadequate and ineffective to challenge to federal conviction. Specifically, Kapenekas alleges that he

> …is excused of any default associated with his § 2255 motion due to counsel's ineffectiveness. In turn, Kapenekas now argues that ineffective assistance in his § 2255 motion makes that motion "inadequate or ineffective to test the legality of his conviction." § 2255(e). To the extent this Court relies on the "inadequate or ineffective" language in deciding this matter, § 2255 simply cannot be effective or adequate to test the legality of Kapenekas conviction (or sentence), when counsel in that proceeding performed ineffectively. It is an obvious contradiction in terms.

[D. E. No. 1-1, pp. 14-15]

In support of this argument, Kapenekas asserts that his plea agreement specifically reserved his right to appeal the denial of the motion to dismiss; that he discussed appealing the suppression ruling with his trial counsel; that trial his counsel quoted him a fee for filing the appeal; that he advised his trial counsel that he would need some time to obtain the funds to pursue that appeal; and that he wanted his trial counsel to file the appeal of the adverse suppression ruling. [*Id.*, p. 15] Kapenekas alleges that after he was sentenced, "… he attempted to contact trial counsel on three separate occasions in an effort to discuss filing the notice of appeal…. However, Kapenekas was ultimately unable to reach trial counsel, and the time to appeal expired." [*Id.*] Kapenekas contends that his trial counsel abandoned him, and that his trial counsel's failure to file the appeal of the denial of the suppression motion, and/or his counsel's failure to at least consult with him (after sentencing) to determine his wishes about filing the appeal, constituted ineffective assistance of counsel and a violation of his Sixth Amendment rights. [*Id.*; *see also* Kapenekas Declaration, D. E. No. 1-2, pp. 1-2]

Kapenekas then alleges that the new counsel who represented him in the subsequently filed § 2255 proceeding in the Sentencing Court also rendered constitutionally ineffective assistance, because that attorney failed to fully and properly advance Kapenekas's argument that after sentence was imposed, his trial counsel failed to consult with him and/or file the appeal of

8

the denial of the suppression ruling. [*Id.*, pp. 16-17] Kapenekas contends that instead of emphasizing the fact that his *trial counsel* breached his duty to file an appeal of the denial of the suppression ruling, his new counsel in the § 2255 proceeding instead improperly suggested or implied in the court filing that it was the government's responsibility to have appealed the adverse suppression ruling, an argument which the Sentencing Court summarily rejected as borderline frivolous when it denied Kapenekas's § 2255 motion on February 16, 2010. [*Id.*]

Thus, Kapenekas reasons that because his counsel in the § 2255 proceeding failed to competently argue that his *trial counsel* had rendered ineffective assistance by not appealing the adverse suppression ruling, his remedy under § 2255 was inadequate or ineffective to test the legality of his conviction. [*Id.*, p. 17] Kapenakas seeks an evidentiary hearing and a determination that he received ineffective assistance of trial counsel **and** ineffective assistance of counsel during his § 2255 proceeding. [*Id.*, p. 18]

### DISCUSSION

The Court first addresses, and squarely rejects, Kapenekas's argument that the savings clause of § 2255 is unconstitutionally vague. Indeed, the Sixth Circuit has discussed and employed the savings clause of § 2255 on numerous occasions in the context of petitions filed under 28 U.S.C. § 2241, and has never found that the clause is vague. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799, 805 (6th Cir. 2003) (remanding denial of § 2241 petition based on the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000) and the savings clause of § 2255); *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012) (applying savings clause of § 2255 to § 2241 habeas petition; finding that

*United States v. Santos*, 553 U.S. 507 (2008) applied retroactively, but that Wooten was not entitled to relief under *Santos*).

Kapenekas cites cases from other jurisdictions which discuss whether the savings clause of § 2255 applies to (or bars) challenges to sentence enhancements, but Kapenekas cites no credible case law in support of his conclusory proposition that the savings clause of 28 U.S.C. § 2255 is void for vagueness. Having determined that the savings clause of § 2255 is not vague and unconstitutional, the Court now addresses whether Kapenekas may avail himself of the savings clause of § 2255 in the Second § 2241 Petition, but as explained below, determines that Kapenekas does not assert claims which fall under the savings clause of § 2255.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may utilize 28 U.S.C. § 2241 if he is challenging the manner in which the BOP is executing his sentence (*i.e.*, a challenge of the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also*, 180 F.3d at 755-56. In short, 28 U.S.C. § 2255, as opposed to § 2241, provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The Sixth Circuit has repeatedly explained that a federal prisoner may challenge the legality of his detention under § 2241 **only** if his remedy under § 2255(e) is found to be inadequate or ineffective, *see Wooten*, 677 F.3d at 306-07, and that the savings clause does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his

or her convictions under preexisting law, or actually asserted a claim(s) in a prior post-conviction motion under § 2255, but was denied relief on the claim(s). *Charles*, 180 F.3d at 756.

Further, the Sixth Circuit has held that the saving clause applies "only where the petitioner also demonstrates actual innocence." *Wooten*, 677 F.3d at 307; *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "One way to establish factual innocence is to show an 'intervening change in the law that establishes [the petitioner's] actual innocence.'" *Wooten*, 677 F.3d at 307 (quoting *United States v. Peterman*, 249 F.3d at 461-62). To show actual innocence through an intervening change in the law, a § 2241 petitioner must demonstrate a new interpretation of statutory law that he or she could not have incorporated into his direct appeals or subsequent motions; that the interpretation is retroactive; and that it applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him. [*Id.*] "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Kapenekas collaterally challenges his conviction and sentence on Sixth Amendment grounds under § 2241 via the "savings clause" of § 2255(e). However, just as when this Court denied the First § 2241 Petition on July 9, 2013, Kapenekas again has not met the burden of showing that his remedy under § 2255 is inadequate or ineffective. As explained in the Order denying the First § 2241 petition, Kapenekas's claim alleging that his trial counsel rendered ineffective assistance of counsel by failing to consult with him and/or file an appeal of the suppression ruling is the same claim which Kapenekas previously and unsuccessfully raised in his § 2255 motion, meaning that under *Charles*, he cannot recycle the same claim in a § 2241 proceeding, or as is the case at hand, in a *second* § 2241 proceeding. As also explained in the

11

Order denying the First § 2241 Petition, the remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002).

In the Second § 2241 Petition, Kapenekas has again failed to show that his remedy under § 2255 was inadequate and effective to challenge his conviction based on the fact that the no appeal of the adverse suppression ruling was filed. Nothing has changed since vis-à-vis Kapenekas's situation since the Court denied the First § 2241 Petition on July 9, 2013: Kapenekas raised this same claim in his § 2255 motion in the Sentencing Court; the Sentencing Court rejected the argument, and the Fifth Circuit denied him relief on appeal. Under *Charles*, Kapenekas cannot recycle the same slightly re-packaged Sixth Amendment claim in yet a second § 2241 proceeding in order to get another "bite of the apple."

Kapenekas's other Sixth Amendment claim--that his *subsequent* counsel who represented him in his § 2255 proceeding inadequately or incompetently argued that his trial counsel "dropped the ball" either by failing to consult with him about filing an appeal or to actually appeal the suppression ruling--also fails to state grounds for relief under § 2241. Again, Kapenekas asserted this same argument in the First § 2241 Petition and the argument was rejected. Because Kapenekas did not appeal that decision, his is bound by that determination.

In the Second § 2241 Petition, Kapenekas cites *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), in which the Supreme Court addressed the question of whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide

12

cause for a procedural default in a federal habeas proceeding. A recent unpublished Sixth Circuit ruling undermines Kapenekas's argument on this issue.

In affirming the denial of a § 2241 petition filed a federal prisoner who challenged his conviction based on a claim of ineffective assistance of counsel under *Martinez*, the Sixth Circuit earlier this year explained that *Martinez*, and another related case, *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), "…deal solely with the procedural default of ineffective-assistance-of-counsel claims in state habeas corpus proceedings; they have no bearing whatever on the § 2255(e) savings clause. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012)." *See Mushin Hanif Abdur-Rahiim v. J. C. Holland, USP-McCreary*, No. 6:14-CV-79-DLB (E.D. Ky., 2014) [R. 16, therein; *Mushin Hanif Abdur-Rahiim v. J. C. Holland, USP-McCreary*, No. 15-5297 (6th Cir. Jan. 12, 2016)] The Sixth Circuit is not alone; almost three years ago, the Third Circuit Court of Appeals reached the same conclusion when addressing a *Martinez* ineffective assistance of counsel claim asserted by a federal prisoner in that circuit. *See Donald G. Jackman, Jr., v. J.T. Shartle*, 535 F. App'x 87, 89, n. 5 (3rd Cir. 2013).[2]

Further, Kapenekas appealed the denial of his § 2255 motion to the Fifth Circuit; if he was in fact dissatisfied with the services of his legal counsel who represented him in that § 2255

---

[2] There, the Third Circuit stated:

> Jackman recently submitted a letter to the Court asserting that he is entitled to relief pursuant to *Trevino v. Thaler*…and *Martinez v. Ryan*…to support his ineffective assistance of counsel claim. However, *Trevino* and *Martinez* deal with state prisoners' ability to bring ineffective assistance of counsel claims, despite being procedurally barred. **They do not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims.** Section 2241 does not provide a vehicle by which Jackman can raise his ineffective assistance of counsel claim because he has not demonstrated that Section 2255 is an "inadequate or ineffective remedy.

[*Id.* at 89, n.5 (emphasis added)]

13

proceeding, Kapenekas could have sought permission to represented himself (*pro se*) in his appeal to the Fifth Circuit, and could have attempted to explain to the appellate court why he believed that his own § 2255 counsel had been constitutionally defective for failing to challenge the alleged inaction(s) of his trial counsel. Alternatively, Kapenekas could have filed a motion in the Fifth Circuit seeking permission to file a second or successive § 2255 motion in the Sentencing Court, alleging that because was denied effective assistance of counsel during his § 2255 proceeding, he was unable to properly advance his collateral challenges. Kapenekas does not allege took these actions.

Again, as *Charles* dictates, a petitioner cannot use § 2241 to assert claims which he could have but failed to raise in a § 2255 motion, or to assert claims were either time-barred or procedurally barred under § 2255. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.") As to his Sixth Amendment claim alleging ineffective assistance of counsel, Kapenekas has not established that his remedy under § 2255 was inadequate or ineffective to test the legality of his detention.

A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The Supreme Court has unequivocally stated that "a new rule is

not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

Kapenakas cites to no case which the Supreme Court has held to be retroactively applicable to cases on collateral review *which would apply to the facts of his case*. Kapenekas admittedly cites the recent *Johnson* decision, and the Supreme Court has recently determined that *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257, 1265 (Apr. 18, 2016) ("*Johnson* is thus a substantive decision and so has retroactive effect ...."). But Kapenekas does not allege in the Second § 2241 Petition that his 180-month sentence was improperly enhanced under the residual clause of ACCA, so *Johnson* has no relevance to the Second § 2241 Petition, and thus does not assist Kapenekas in any respect.

In summary, Kapenekas has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the sexual exploitation offenses of which he was convicted. Because Kapenekas is not entitled to relief under § 2241 as to any of his claims, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall, on the CM/ECF cover sheet, list "John S. Kapenekas" as an alias designation for Petitioner John Kapenekas.

2. Kapenekas's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

3. The Court will enter an appropriate judgment.

4.  This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This July 12, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge